[Civ. No. 6769. Third Dist. Sept. 28, 1942.]

Estate of FREDERICK C. STAHL, Deceased. MARGUER-
ITE McDONALD, Appellant, v. EMMA STEVENSON
et al., Respondents.

Albert E. Sheets, Anthony J. Kennedy and Carl Kuchman for Appellant.

Henry & Bedeau for Respondents.

ADAMS, P. J.—This is an appeal from a judgment awarding to a pretermitted daughter of Frederick C. Stahl, deceased, one-half of the estate of said decedent, and denying her claim to be awarded the whole thereof.

Stahl died testate, leaving as his only heirs-at-law a widow, Anna Stahl, and a daughter by a former marriage, Marguerite McDonald. In his will he declared that all of his property was the community property of his surviving wife and himself, and he left one-half of it to his said wife, and

the other half to respondents. No mention of his daughter was made in his will. The daughter filed a petition to have her heirship determined. The trial court found that her omission from the will had been unintentional, and that she had not been provided for by way of settlement, advancement, or otherwise. However, the property of the testator, at the time of his death, was found to be his separate property, and not community property, and it was held that as the surviving wife was not given any separate property, she took nothing under the will, and that Marguerite McDonald was entitled to one-half of the estate, and the legatees named in the will, to the other half. From that part of the decree awarding one-half of the estate to the named legatees, Marguerite McDonald has appealed.

Section 90 of the Probate Code provides that when a testator unintentionally omits to provide for a child in his will, and such child is unprovided for by any settlement, and has not had an equal proportion of the testator's property bestowed by way of advancement, such child "succeeds to the same share of the estate of the testator as if he had died intestate." Under sections 221 and 222 of the Probate Code, if a decedent dies without disposing of his separate property by will, and leaves a surviving spouse and only one child, the estate goes, one-half to the surviving spouse and one-half to the child; but if decedent leaves no surviving spouse, the whole estate goes to his issue.

Appellant contends that since in this case the surviving widow is by the will in effect disinherited, that she is not a "surviving spouse" within the language of the foregoing statute for the purpose of determining the share of the estate that goes to appellant herein; and that appellant succeeds to the entire estate, as if decedent had left no surviving spouse. She argues that while a pretermitted child succeeds to the same portion of the testator's estate as if no will had been made, and that as to such portion the testator is regarded as dying intestate, that nevertheless the will is not revoked or invalidated; that it is to be relied upon insofar as it disinherits the widow, but not insofar as it gives any portion of the estate to the named legatees. It is argued by analogy that section 258 of the Probate Code prohibits a person convicted of the murder of a decedent from sharing in the estate of such decedent, and that if the heirs of an intestate decedent were one child, and a widow who had been convicted of his murder, the widow could not share

in the estate, and the child would take the whole thereof, under section 222, *supra*; that in legal effect there would be no surviving spouse. Also, that if a surviving spouse were disqualified to take, because of the provisions of section 259.2 of the Probate Code, the child would take the whole estate, and that therefore, since the widow in the case before us is *disqualified by the will*, she is not to be considered in determining the share to which appellant would have been entitled had Stahl died intestate. With this contention we cannot agree. Had decedent died intestate, the widow and appellant would each have taken one-half of his estate. Appellant's rights are thus fixed and determined by the fact that decedent left a surviving spouse and one child only. The foregoing sections of the Probate Code providing for succession in case of intestacy are applicable here solely for the purpose of measuring the share of the pretermitted child. Stahl did not die intestate. He left a will, and the fact that the wife is disinherited by that will cannot have the effect of changing the yard-stick by which the rights of appellant as a pretermitted child are determined. Even assuming that appellant is correct in her contentions as to the effect of sections 259.2 and 258, *supra*, there is no analogy between the situations created thereby and the present situation. The fact that by reason of the will the widow takes nothing, cannot affect the amount the widow and the child would have taken had there been no will. As to the portion that a pretermitted child takes, the testator is regarded as dying intestate, and its succession is directed by law, and not by the will. As to the remainder, its succession is directed by the will. It is hardly logical to say that a will can create a condition which would obtain only if there were no will. Appellant cites no authority for her contentions, and we believe none can be found.

The judgment is accordingly affirmed.

Thompson, J., and Schottky, J. pro tem., concurred.